1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

9

10   ANASTASSIYA MIRONOVA,

11          Plaintiff                          No.  2:23-cv-1305

12          v.                                 COMPLAINT FOR DECLARATION OF
                                               RIGHTS TO BENEFITS AND FOR
13   METROPOLITAN LIFE INSURANCE               RECOVERY OF BENEFITS
     COMPANY,
14

15          Defendant.

16

17          COMES NOW THE PLAINTIFF, Anastassiya Mironova, and alleges as follows:

18                            **I.  NATURE OF ACTION**

19
            This action arises under the Employee Retirement Income Security Act of 1974
20
     ("ERISA"), 29 U.S.C. § 1001 *et seq*., and specifically under 29 U.S.C. § 1132(a)(1)(B).
21
     Plaintiff brings this action to recover disability benefits under an ERISA-governed employee
22
     benefit plan and to enforce her rights under that Plan.
23

24                        **II.  JURISDICTION AND VENUE**

25          This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §
26
     1132(e)(1).  Venue is proper pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391.
27

COMPLAINT - 1
No. 2:23-cv-1305

LAW OFFICE OF MEL CRAWFORD
3244 N.E. 103rd St.
Seattle, Washington  98125
(206) 694-1614 FAX:  (206) 905-2342

### III. PARTIES

3.1  Plaintiff is an adult, residing in Bothell, Washington.

3.2  Defendant Metropolitan Life Insurance Company is a foreign insurance company,

and is a wholly owned subsidiary of MetLife, Inc.

### IV. FACTUAL ALLEGATIONS

4.1  Defendant Metropolitan Life Insurance Company is authorized to sell insurance,

including disability insurance, in Washington State.

4.2  Defendant resides, or may be found, in the Western District of Washington.

4.3  At all times relevant to this action, Plaintiff was employed by Access Vascular, Inc.

4.4  Access Vascular, Inc. provides various benefits to its employees under and/or

through the Justworks Group Health and Welfare Plan.

4.5  The Justworks Group Health and Welfare Plan is an "employee benefit plan"

within the meaning of 29 U.S.C. § 1002(3).  It is sometimes referred to herein as "the Plan."

4.6  Among other benefits, the Plan provides short-term disability insurance to

qualified Plan beneficiaries.

4.7  Defendant issued a group disability insurance policy, Policy Number 214990-1-G

("the Policy"), to the Justworks Group Health and Welfare Plan to fund and insure the Plan's

short-term disability benefits.

4.8  In its Form 5500 for the year 2021, filed with the United States Department

of Labor on May 10, 2023, the Justworks Group Health and Welfare Plan stated that

174,998 people were insured under Policy Number 214990.

4.9  Plaintiff is a "participant" within the meaning of 29 U.S.C. § 1002(7) of the Plan.

4.10  Plaintiff is a "beneficiary" within the meaning of 29 U.S.C. § 1002(8) of the Plan.

COMPLAINT - 2
No. 2:23-cv-1305

LAW OFFICE OF MEL CRAWFORD
3244 N.E. 103rd St.
Seattle, Washington  98125
(206) 694-1614 FAX:  (206) 905-2342

1    4.11  Defendant is a "fiduciary" as that term is defined by 29 U.S.C. § 1002(21), with

2    respect to the Plan.

3    4.12  The Policy states in part:

4

5    **Disabled** or **Disability** means that, due to Sickness or as a direct result of accidental injury:

6    • You are receiving Appropriate Care and Treatment and complying with the requirements of such treatment; and

7

8    • You are unable to earn:

9    • more than 80% of Your Predisability Earnings at Your Own Occupation from any employer.

10

11    4.13  The Policy provides that a claimant who is disabled under its terms receives short-

12    term disability benefits following a 7-day "Elimination Period."

13    4.14  The Policy provides that a claimant who is disabled under its terms may receive

14    short-term disability benefits for a maximum period of 26 weeks.

15

16    4.15  Plaintiff last worked on January 4, 2023.

17    4.16  On or about January 5, 2023, Plaintiff became disabled under the Plan's terms in

18    that, due to sickness, she was unable to earn more than 80% of her Predisability Earnings at her

19    own occupation from any employer, and was receiving appropriate care and treatment and

20    complying with the requirements of such treatment.

21    4.17  Plaintiff applied for short-term disability benefits under the Plan.

22    4.18  By letter dated February 7, 2023, Defendant denied Plaintiff's application for

23    benefits under the Plan.

24    4.19  In its letter denying her application for benefits, Defendant advised Plaintiff

25    "[y]ou have a right to appeal this decision" and "[i]f we deny your appeal (in whole or in part),

26

27

COMPLAINT - 3
No. 2:23-cv-1305

LAW OFFICE OF MEL CRAWFORD
3244 N.E. 103rd St.
Seattle, Washington 98125
(206) 694-1614 FAX: (206) 905-2342

1  you have the right to bring a civil action under Section 502(a) of the Employee Retirement

2  Income Security Act of 1974 (ERISA), 29 U.S.C. Section l1132(a)."

3      4.20  Plaintiff submitted an appeal to Defendant on May 30, 2023.

4

5      4.21  On June 21, 2023, Defendant wrote to Plaintiff as follows:

6      Based on all information in your claim file, we have approved your disability
       claim starting March 2, 2023 through April 12, 2023.

7
       • Your benefits are payable as of January 12, 2023. This date is different from
8      your claim's start date because your plan requires an unpaid waiting period of
       seven calendar days.

9

10     • You will receive payments directly from your employer.

11     Your claim was denied from January 5, 2023 through March 1, 2023, due to
       medical not supporting a disability at this time.

12

13     4.22  On June 22, 2023, Defendant wrote to Plaintiff as follows:

14      Our records show that you last worked on January 4, 2023.  Based on all
        information in your claim file, we have approved your disability claim starting
15      January 5, 2023 through April 12, 2023.

16      • Your benefits are payable as of January 12, 2023.  This date is different from
        your claim's start date because your plan requires an unpaid waiting period of
17      seven calendar days.

18     4.23  On July 24, 2023, Defendant wrote to Plaintiff and provided a report from a

19
   purportedly independent consultant in Arkansas, Dr. David Oberlander, dated July 10, 2023.
20
   The report included this question that Defendant presented to Dr. Oberlander:
21
22      Considered [sic] both the subjective and clinical information, in your opinion
        does the evidence suggest that the claimant suffers from a medical condition
23      or combination of conditions of such severity to warrant the placement of
        restrictions and/or limitations on his/her activities for the time of 0l/05/2023-
24      03/05/2023 and 04/13/2023-present?

25     4.24  Dr. Oberlander responded as follows:

26
        Considering the subjective and clinical information, the evidence does not
27      suggest that the claimant suffers from a medical condition or combination of

COMPLAINT - 4
No. 2:23-cv-1305

LAW OFFICE OF MEL CRAWFORD
3244 N.E. 103rd St.
Seattle, Washington  98125
(206) 694-1614 FAX:  (206) 905-2342

conditions of such severity to warrant the placement of restrictions and/or limitations on his/her activities for the time of 01/05/2023-03/05/2023 and 04/13/2023-present.

4.25  In response to Plaintiff's appeal, Defendant thus stated as follows:

· Plaintiff was *not* disabled from January 5, 2023 through March 1, 2023;

· Plaintiff *was* disabled from January 5, 2023 through April 12, 2023; and

· That its consultant, Dr. Oberlander, opined Plaintiff was *not* disabled from January 5 through March 5, 2023, and was not disabled from April 13, 2023 to the present.

4.26  On August 18, 2023, Defendant wrote to Plaintiff's attorney as follows:

We have completed our review of the appeal of the termination of your client's Short Term Disability claim.

. . .

For the reasons detailed below, we are upholding the termination of your client's claim based on our conclusion that your client does not satisfy the requirements of the plan referenced above (the Plan).

We have determined that we are unable to approve benefits on your client's claim beyond April 12, 2023 through to [sic] because the clinical evidence provided did not support that your client's condition or conditions rose to a level of severity to warrant continued restriction and limitations for the time period in question and as such she did not continue to meet the Definition of disability and therefore no benefits are due or payable specific to this time period.

4.27  Defendant's August 18, 2023 letter further stated "[y]our client has a right to appeal this decision. Submit your client's request in writing within 180 days."

4.28  The policy makes no provision for a second appeal and ERISA does not require one.

4.29  There was no change in Plaintiff's medical condition on or about April 12, 2023.

COMPLAINT - 5
No. 2:23-cv-1305

LAW OFFICE OF MEL CRAWFORD
3244 N.E. 103rd St.
Seattle, Washington  98125
(206) 694-1614 FAX:  (206) 905-2342

4.30  Plaintiff was disabled under the Plan from on or about April 12, 2023, through July 12, 2023, in that, that, due to sickness, she was unable to earn more than 80% of her Predisability Earnings at her own occupation from any employer, and was receiving appropriate care and treatment and complying with the requirements of such treatment.

4.31  Plaintiff was eligible for, and entitled to receive, short-term disability benefits under the Plan from April 12, 2023, through on or about July 12, 2023, the end of the 26-week period for which such benefits may be paid under the Plan.

## V.  STATEMENT OF CLAIMS

5.1  Plaintiff re-alleges and incorporates Paragraphs 4.1 through 4.31 above.

5.2  Plaintiff was continuously disabled within the meaning of the Plan, and eligible and entitled to receive short-term disability benefits, from on or about April 12, 2023 through on or about July 12, 2023, the end of the 26-week period for which such benefits may be paid under the Plan.

5.3  By denying Plaintiff was disabled under the Plan, and refusing her disability benefits, Defendant violated the Plan and denied Plaintiff her rights under the Plan.

5.4  Pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiff seeks to recover the short-term disability benefits due her under the Plan, and to enforce her rights under the Plan.

5.5  Pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiff seeks a Declaration from this Court, as described below, that she is entitled to short-term disability benefits under the Plan from April 12, 2023 through July 12, 2023, and an Order directing Defendant to pay her those benefits in accordance with the Plan's terms.

LAW OFFICE OF MEL CRAWFORD
3244 N.E. 103rd St.
Seattle, Washington  98125
(206) 694-1614 FAX:  (206) 905-2342

# VI.  PRAYER FOR RELIEF

Plaintiff prays for entry of judgment as follows:

6.1  That this Court declare that Plaintiff was continuously disabled within the meaning of the Plan, and eligible for and entitled to receive short-term disability benefits from April 12, 2023 through July 12, 2023;

6.2  That this Court declare that Defendant, by denying Plaintiff disability benefits, violated the terms of the Plan and denied Plaintiff her rights under the Plan;

6.3  That this Court order Defendant to pay Plaintiff the short-term disability benefits she was eligible for and entitled to receive from April 12, 2023 through July 12, 2023, with prejudgment interest through the date judgment is entered herein;

6.4  That this Court order Defendant to pay Plaintiff her attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1); and

6.5  That Plaintiff be awarded any additional and further relief which this Court finds just and equitable.

DATED this 23rd day of August 2023.

LAW OFFICE OF MEL CRAWFORD

By s/*Mel Crawford*
   Mel Crawford, WSBA #22930
Attorney for Plaintiff

COMPLAINT - 7
No. 2:23-cv-1305